# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-26-00430-CV

---

**Boris Iofis, Appellant**

**v.**

**Bradley Weimert and David Lawver, Appellees**

---

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-25-007002, THE HONORABLE SHERINE THOMAS, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Boris Iofis seeks to perfect an appeal from an order granting a summary judgment in favor of David Lawver, who is one of the two defendants in the underlying suit brought by Iofis. The summary-judgment order does not reflect in unequivocal language that it is the final judgment in the suit, nor does the clerk's record indicate that Iofis's claims against the second defendant, Bradley Weimert, have been disposed of in any way. Therefore, the order from which Iofis seeks to perfect his appeal is not the final judgment in the suit. *See In re C.K.M.*, 709 S.W.3d 613, 616–19 (Tex. 2025) (per curiam); *In re Urban 8 LLC*, 689 S.W.3d 926, 929 (Tex. 2024) (orig. proceeding) (per curiam). Because nothing in the record indicates that the summary-judgment order is one from which an interlocutory appeal may be taken, *cf., e.g.*, Tex. Civ. Prac. & Rem. Code § 51.014, we currently lack jurisdiction over this attempted appeal, *see*

*Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment.").

In an appropriate case, we may abate an attempted appeal like this and remand the case to the trial court for it to sign a final judgment. *See Rodriguez v. Rodriguez*, No. 03-24-00676-CV, 2024 WL 4867271, at *1 (Tex. App.—Austin Nov. 21, 2024, order & mem. op.) (per curiam); *VanBuren v. Urban*, No. 03-24-00539-CV, 2024 WL 4557702, at *1 (Tex. App.—Austin Oct. 24, 2024, order & mem. op.) (per curiam).

We abate this cause and remand the case to the trial court to allow Iofis to obtain a signed final and appealable order. *See* Tex. R. App. P. 27.1(a); *Rodriguez*, 2024 WL 4867271, at *2; *VanBuren*, 2024 WL 4557702, at *1.

A supplemental clerk's record containing the final judgment in the suit should be filed in this Court by July 3, 2026. If no such supplemental clerk's record is filed by that date, then, by July 10, 2026, Iofis must file a status report explaining why we should retain jurisdiction in this cause. If neither such a supplemental clerk's record nor a satisfactory response by Iofis is filed in this Court by July 10, 2026, then we may dismiss this appeal. *See* Tex. R. App. P. 42.3.

It is ordered on June 5, 2026.


Before Justices Triana, Kelly, and Ellis

Abated and Remanded

Filed: June 5, 2026

2